UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA JEAN, | CASE NO. 2:25-cv-02140-LK |
| Plaintiff, | MINUTE ORDER |
| v. | |
| SEATTLE CREDIT UNION, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable Lauren King, United States District Judge:

In light of Plaintiff Rebecca Jean's response and declaration, Dkt. Nos. 41–42, acknowledging previous procedural violations, averring that the factual allegations in her amended complaint are not the product of generative AI, and committing to abide by applicable law and verify that all citations refer to legitimate legal authority, the Court discharges its order to show cause with an order striking Jean's error-laden response brief, Dkt. No. 34, and requiring her to include in all future correspondence with opposing counsel (including discovery responses) and in all future filings with the Court a declaration, made under penalty of perjury, addressing whether

MINUTE ORDER - 1

generative AI was used, disclosing the name of the tool used, and certifying that she has personally reviewed the correspondence or filing and that all citations and quotations therein refer to existing authority, and any factual assertions therein are supported by adequate foundation (e.g., personal knowledge or evidentiary support); provided, however, that the Court maintains the stay in this case until it is satisfied that Jean will comply with the rules requiring her to meet and confer with Seattle Credit Union on its motion for a protective order.

The Court cautions that it does not find credible Jean's explanations regarding the nonexistent authority cited in her response brief, and it expects her to specifically identify any AI tool she uses to draft her filings in the future. It is not sufficient to simply state, as Jean did in her response to the Order to Show Cause, that she used "the following generative AI," and then state "Microsoft Word to hand-type my response, and Google for research." Dkt. No. 41 at 9. If Jean uses AI, she must identify the *AI tool*; for example, CoPilot in Microsoft Word, the "AI Overview" generated in Google searches, or Google Gemini. Furthermore, the Court will impose severe sanctions—up to and including dismissal—if it discovers hallucinated cases or nonexistent quotes in future filings. Fed. R. Civ. P. 11(c), 41(b); LCR 11(c); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

Furthermore, Jean's "redlined" version of her second amended complaint, Dkt. No. 43-1, is not actually redlined. True redlines reflect deletions and additions, LCR 15, and Jean's "redlines" show only deletions; any future redlined documents should be produced by the Microsoft Word redline tool or a similar software feature to ensure accuracy. However, because Jean's second amended complaint, Dkt. No. 43, is substantively identical to her first amended complaint, Dkt. No. 26, except for her updated address and her certification regarding the use of generative AI, the Court will accept the second amended complaint as the operative complaint.

MINUTE ORDER - 2

Finally, in accordance with the Court's prior minute order, Dkt. No. 38, the Court will not entertain any surreply-style arguments against Seattle Credit Union's motion for a protective order contained in Jean's response to the Order to Show Cause, *see, e.g.*, Dkt. No. 41 at 5–6.

Because Jean failed to meaningfully meet and confer with Seattle Credit Union regarding her discovery requests, *see* Dkt. No. 39 at 2–3, the Court ORDERS the parties to meet and confer within 21 days of the date of this Order regarding Jean's discovery requests and attempt in "good faith . . . to attempt to resolve the matter in dispute without the court's involvement" while exercising "a high degree of professionalism and collegiality[.]" LCR 1(c)(6). "A good faith effort to confer requires a face-to-face meeting or a telephone conference." LCR 26(c)(1). The Court will impose sanctions for any continued failure to comply with these rules. Following the parties' meet and confer, they must provide a joint status report detailing the outcome of the meet and confer and indicating whether any portions of Seattle Credit Union's motion for a protective order are mooted. The status report is due by August 12, 2026. Aside from the above meet and confer and joint status report requirements, the Court maintains the stay in this case.

Dated this 15th day of July, 2026.

Joshua Lewis
Clerk

*/s/Natalie Wood*
Deputy Clerk

MINUTE ORDER - 3